Detweiler v. Swartley.

---

ANNA MARY DETWEILER V. JOHN SWARTLEY *et al.*

No. 14,648.    (86 Pac. 141.)

MISTAKE—*Deed and Collateral Agreement—Reformation of the Latter.* The heirs of an estate deeded to the administrator certain land in consideration of the estate's indebtedness to him, and a collateral agreement was made stipulating that the administrator should divide between the heirs anything derived from the land in excess of the debt owing to him. The consideration recited in the deed was more than double the sum stated in the collateral agreement as the amount of such indebtedness. In a suit by an heir for a share of the land, the court found that a mistake was made in inserting the consideration in the collateral agreement, ordered the agreement reformed, and gave judgment for defendant, which was affirmed.

Detweiler v. Swartley.

Error from Harvey district court; PETER J. GALLE, judge. Opinion filed July 6, 1906. Affirmed.

*C. S. Bowman,* for plaintiff in error; *Henry James,* of counsel.

*Branine & Branine,* for defendants in error; *John C. Swartley,* of counsel.

*Per Curiam:* Joseph Swartley died intestate on March 26, 1892, leaving a much-involved estate, situated in Kansas and Pennsylvania. His brother, John M. Swartley, was appointed administrator in both states. In due time final settlement was made and administration closed in both jurisdictions and the administrator discharged. The estate was indebted to the administrator in a large amount at that time, both on account of claims of his own and of others he had paid. A part of the estate in Kansas consisted of land. Anna Mary Detweiler, plaintiff in the court below and plaintiff in error here, William R. Swartley and John R. Swartley, the heirs of Joseph Swartley, entered into an agreement with their uncle, the administrator, before the probate proceedings in Kansas ended, whereby they deeded to him the Kansas land for what was due him and released him from any liability for any distributive share of their father's estate, he to own, use and occupy the land, sell it as his own, and, after accounting for rents and profits and deducting the indebtedness of Joseph Swartley's estate to him, with interest, to divide the remainder of the proceeds of sale, if any, between them.

A deed, a release and a collateral contract were prepared and executed to evidence the arrangement just outlined. John M. Swartley entered into possession of the land, and after occupying it for some time died, when it passed into the possession of his heirs, John Swartley and William M. Swartley.

The plaintiff sued for a share of the land. The defendants answered setting up the arrangement referred

Detweiler v. Swartley.

to. The deed had recited a consideration of $13,323.39. The collateral contract stated the indebtedness of the Joseph Swartley estate to John M. Swartley as $4850.83. The answer claimed a mistake in the preparation of this instrument, and asked that it be reformed to show the sum stated in the deed. The reply denied mistake, charged a failure on the part of the administrator to keep correct accounts and otherwise attacked the integrity of the probate court proceeding; and pleaded laches and ratification as against reformation. The court found generally for the heirs of John M. Swartley, found specially all the material facts in their favor, and made corresponding conclusions of law.

The assignments of error present only questions of fact and mixed questions of law and fact. There is no substantial disagreement between counsel for the respective parties concerning the law of the case. Rules which none of them will dispute solve the controversy when once the facts are settled. What the facts are is much disputed.

Nothing is gained to the parties or to the profession by publishing an argument upon evidence showing the court's view of this and that item, marshaling the testimony in favor of, and that against, the various disputed propositions, and otherwise exhibiting the process by which a conclusion is reached. It is sufficient to say that the findings of the district court are sustained by testimony of the kind and quantity which the law requires in cases of this character.

That a mistake was made, mutual to the parties interested, there can be no doubt; and that $13,323.39 was the sum intended to be inserted in the collateral agreement is proved by the deed, the probate record and the testimony of all the witnesses except the plaintiff, whose sole contribution to the case is a negative answer to two equivocal questions. It follows that the impeachment of the probate record is inconsequential. The probate court fixed the amount of John M. Swartley's claim. Plaintiff could have appealed from the

final settlement of her father's estate if it was not correct. She need not have agreed to $13,323.39 as the amount of her uncle's claim if that sum was too large. Having agreed, the district court had nothing to do but to enforce the contract. It could not make another for the parties.

There appears in the record good reason for the arrangement. John R. Swartley testified he knew very well his father's estate was insolvent and he was very glad his uncle took the land for the debt. William R. Swartley testified that he understood what he was doing, that his father's estate owed his uncle over $13,000, and that the amount stated in the deed was correct. Another witness, the wife of William R. Swartley, who was present when the arrangement was entered into and when the papers were signed, and who knew of enormous sums of money forwarded to Joseph Swartley, said the deed contained the correct sum. Plaintiff does not pretend to say she understood the transaction to rest upon a basis different from that shown to be the true one by all other evidence in the case. So, whatever a strict overhauling of the account might now show to have been legally due, the written contract must stand.

Why the mistake occurred nobody knows. It was made in filling a blank in an otherwise complete instrument. The lawyer who made it had no authority to conclude any other kind of an agreement than that which expressed the intention of the parties, and he could not bind John M. Swartley or any one else by inserting in the contract an amount different from that shown by the deed unless Swartley knew of it and acquiesced. Knowledge of what had occurred did not reach John M. Swartley within his lifetime, nor the defendants until after suit was commenced. Without this there could be neither laches nor ratification. Nor do the facts create an estoppel against reformation. The situation of the plaintiff is no different from what

it would have been had the instrument as signed been correct.

The relation of the heirs of Joseph Swartley to the holders of the title to the land was one of express trust, and, under the well-known rule, the statute of limitations does not apply to the enforcement of the sums specified in the trust agreement against the land.

The judgment of the district court is affirmed.